O'GORMAN, J. The assertion of defendants' counsel in his brief that tender was made before suit is without a word in the record to support it. A defense of tender after action commenced must include interest and costs to the time of tender. The amount paid into court in this case did not embrace interest and costs to the time of tender, and the defense was therefore ineffectual, and, on the rendition of judgment for plaintiff, the justice should have allowed him a full bill of costs.

Judgment will be modified accordingly, and as modified affirmed, with costs of this appeal and disbursements to the appellants. All concur.

---

PASQUARILLO et al. v. GAREFALO.

(Supreme Court, Appellate Term. February 25, 1901.)

CONFLICTING EVIDENCE—VERDICT—REVIEW.·
    Where the jury found for plaintiff on conflicting evidence, a judgment in his favor will not be reversed.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Lorenzo Pasquarillo and another against Vincent.Garefalo. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

J. H. Corn, for appellant.
M. H. Curran, for respondents.

ANDREWS, P. J. The plaintiffs were tenants of the defendant, and deposited with the defendant the sum of $280, to be held as security for the faithful performance of the covenants of the lease, including the covenant to make their own repairs, and leave the building in as good state and condition as they found it, damages by the elements excepted. In August, 1900, the plaintiffs were dispossessed because of failure to pay the rent for that month, and it was conceded upon the trial that such dispossession annulled the lease. It was also conceded by the plaintiffs that the defendant was entitled to deduct $140 from such deposit for the unpaid August rent. Nineteen dollars also came to defendant's hands from a subtenant named Weiss, so that defendant had then left in his hands $159. The recovery of this $159 was resisted by the defendant upon the ground that the plaintiffs, when they quitted the premises, left them in such a bad condition, and apparently committed so much willful damage, that the defendant was obliged to expend over $300 for repairs. The case was tried before a justice and a jury, and upon conflicting evidence the jury brought in a verdict in plaintiffs' favor for the sum of $119, and from the judgment entered upon such verdict this appeal is taken.

No exceptions were taken upon the trial by the appellant's counsel which require notice, and, as the evidence was conflicting, it cannot be said that the jury acted arbitrarily or capriciously, or that any sub-

stantial injustice has been done which requires that a new trial should be granted.

Judgment affirmed, with costs. All concur.